PER CURIAM:
Claimant brought this action for damage sustained to his vehicle when he drove over a bump in a stretch of road that was in the process of being re-paved along U.S. Route 19 between Oak Hill, Fayette County, and Beckley, Raleigh County. At this location, U.S. Route 19 is a road maintained by respondent. The Court is of the opinion to make an award for the reasons more fully stated below.
There is an issue as to the date on which this incident occurred. The claim form that the claimant completed for this claim indicates no date on which this incident occurred. However, at the hearing, Mr. Derringer testified that he was unsure ofthe exact date of the incident, but further stated that the incident giving rise to this claim occurred on a Saturday in August 2002 between 9:30 p.m. and 10:00 p.m. Claimant was traveling on U.S. Route 19 from Oak Hill toward Beckley in his 1993 Pontiac Grand Am. U.S. Route 19 is a four-lane highway, but due to repaving it was reduced to having one lane in each direction. Claimant testified that he was driving around forty-two miles per hour when he came upon a stretch of road where there were two different levels of pavement due to one having been ground down to be re-paved. Claimant’s vehicle struck a bump in the road where the two pavement levels met. He estimated that there was a three to four inch difference in the pavement levels. The impact damaged both front tires and rims of his vehicle along with the struts. The sustained damage was estimated at $491.57.
The respondent did not put forth any witnesses to testify in this matter.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins vs. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of *158 this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman vs. Dept. of Highways, 16 Ct. Cl. 103 (1986). However, in the instant claim there was on-going construction on U.S. Route 19 and the difference in elevation of the pavement created a hazard to the public in the area where the incident herein occurred. The Court is aware that respondent has inspectors at project sites to oversee the conditions of the roads. There were no signs to warn the traveling public of the difference in elevation of the roadway and this failure to warn constitutes negligence on the part of the respondent. Therefore, the Corn! concludes that this negligence was the proximate cause of the damages to claimant’s vehicle.
In view of the foregoing, the Court is of the opinion to and does make an award to claimant in the amount of $491.57.
Award of $491.57.